MOBIL OIL CORPORATION, A CORPORATION, APPELLEE, V. CHARLES E. (TIM) GRANTHAM, DOING BUSINESS AS GRANTHAM OIL COMPANY, APPELLANT.

265 N. W. 2d 669

Filed May 10, 1978. No. 41505.

Richard J. Dinsmore of Dolan & Dinsmore, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr and Patrick J. Nelson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Mobil Oil Corporation, plaintiff, brought this action against the defendant, Charles E. (Tim) Grantham, doing business as Grantham Oil Company, one of its distributors, in two causes. The first cause was founded upon a "demand" promissory note, allegedly made by the defendant and payable to the plaintiff, dated December 20, 1966, in the principal sum of "($24,000.00) . . . with interest thereon at the rate of six and three-quarters (6-¾) percent per annum computed from the date hereof, payable ON DEMAND." The note also contained the following provision: "PENDING DEMAND, the Promisor hereby promises and agrees to pay the said sum of Twenty-four Thousand Dollars ($24,000.00), together with interest thereon, to the Promissee as follows: a sum equivalent to one cent ($0.01) per gallon for each gallon of motor fuel delivered into the storage tanks of Promissor's bulk plant at Kearney, Nebraska, payable at the time of delivery of the motor fuel but in no event less than Four Hundred Seventy-two and 41/100 Dollars ($472.41) per month, any deficiency under the above fixed minimum to be paid on or before the tenth day of the following month at the aforesaid office of the Promisee without demand being made therefor, until the entire principal sum with interest thereon has been paid or until demand." The balance claimed on the note was $9,814.31 principal and accrued interest. The second cause was based upon an open account balance of $21,932.83, covering the years 1967, 1968, 1969, and 1970, for the purchase of gasoline and other materials.

In his amended answer the defendant admitted execution of the note and alleged that the note and account were paid in full. In addition to the claim of

payment, the defendant asserted a claim of estoppel. The theory of estoppel we will set forth more fully when we deal with it later in the opinion. In an amended cross-petition the defendant sought judgment against the plaintiff as follows: (1) A balance of $1,077.34 for credit card accounts allegedly assigned to the plaintiff by the defendant and for which the defendant had not been given credit, and (2) the sum of $23,745.51 allegedly owed upon 38 separate oral agreements with the plaintiff for "price war assistance," i.e., discounts from the established price of fuel covering various periods during the years 1958 through 1969. To the latter claim the plaintiff pled the bar of the statute of limitations as to those agreements on which the cause of action may have accrued for more than 4 years previous to the filing of the suit.

A jury trial was waived and the cause was tried to the court. After trial the District Judge found for the plaintiff on the cause founded upon the note and rendered judgment for the principal sum of $7,414.60 and accrued interest in the amount of $3,474.97. The court further found that the plaintiff had not sustained its burden of proof on the open account and accordingly found against the plaintiff thereon. The court found that the defendant had not sustained his burden of proof on the two claims asserted in his cross-petition and denied recovery. It entered judgment for the plaintiff for the balance found due on the note.

The defendant alone appeals and makes the following assignments of error: (1) The court erred in not finding that the plaintiff was estopped from asserting its first cause of action; (2) the court erred in not permitting the defendant to offset the claims asserted in his cross-petition as a matter of recoupment even though a portion of the alleged price war assistance agreements may have been barred by the

passage of time; and (3) the court erred in determining the burden of proof.

We treat the assignments in order. The defendant's theory of estoppel is somewhat fuzzy, but it seems to be this: The plaintiff failed on some occasions to include in its billings the one cent charge per gallon for each gallon of motor fuel purchased and it should have billed the defendant for those amounts, or the required minimum payment of $472.41 when the one cent per gallon charges were less than the minimum monthly payment. The defendant was damaged by this failure because he was unable to adjust his retail charges accordingly. The evidence supports the finding of the trial court. The record would permit the judge to find that the one cent per gallon charges were shown as a separate item on each purchase invoice; that all of such invoices were furnished to the defendant in completed form shortly after each delivery of gasoline; and that in those cases when such charges were occasionally omitted, it was perfectly evident that such was the fact. In addition, the evidence permitted the court to find that each month the defendant was furnished with a statement of the payments made and credited on the promissory note, both interest and principal. The record permitted the court to find that the defendant was not damaged by the occasional failure to include the charges in the invoices of each purchase.

The claim regarding recoupment is not well founded. The defendant relies upon the principles stated in Nathan v. McKernan, 170 Neb. 1, 101 N. W. 2d 756, where the court stated: ''The defense of recoupment or reduction of plaintiff's claim must arise out of the same transaction as plaintiff's claim, and survives as long as plaintiff's cause of action exists, even if affirmative legal action upon the subject of recoupment is barred by the statute of limitations.'' The record establishes that the court

denied the plaintiff's motion to dismiss those price war assistance causes allegedly barred by the statute. It decided the claims on the merits and that the defendant had not carried his burden of proof. The record would permit the court to find (1) that payment had been made on some of the 38 claims; and (2) that as to the others, no agreement had been made between the parties. The evidence permits the court to find that the procedure on such claims was as follows: When defendant considered he might be entitled to such support, he would telephone a report of the "war" to the Omaha office of Mobil; an on-site investigation of the locale would then be made by a representative of Mobil and, if the required criteria was found to exist, a recommendation would be made to the Kansas City office of Mobil which would then approve in writing defendant's written application; and that all of the 38 claims which were not paid had never been approved, having, in fact, been disallowed, and no unfulfilled contracts existed.

It is, of course, elemental that the burden of proof was upon the defendant to prove the facts necessary to recover on his cross-petition. No citation of authority is necessary.

The following principle governs our review of this appeal. "In a case where the jury is waived and there is a conflict in the evidence, the reviewing court will presume the controverted facts were decided by the trial court in favor of the successful party, and the findings will not be disturbed unless clearly erroneous." Farmer's Union Co-op Co. of Mead v. Flamme Brothers, 196 Neb. 699, 245 N. W. 2d 464.

AFFIRMED.